UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 20-10207-RGS

UNITED STATES OF AMERICA

v.

JOVANI SANTIAGO

ORDER ON
PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE

July 24, 2026

STEARNS, D.J.

Petitioner Jovani Santiago, proceeding *pro se*, brought this petition on Dember 29, 2025, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]    The principal basis for the motion is alleged ineffective

---

[1]    Section 2255 is not a substitute for direct appeal, but rather provides post-conviction relief in four limited instances: "if the petitioner's sentence was (1) imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998).    "The catch-all fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[ ] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'"    *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428 (1962). In other words, a cognizable Section 2255 claim that does not raise constitutional or jurisdictional issues must reveal "exceptional circumstances" that compel redress.    *Id.*    The petitioner bears the burden of demonstrating an entitlement to relief.    *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980).

assistance of counsel.    Santiago claims that his attorney failed to ensure that he was informed of his right to appeal, to adequately investigate his case, or to effectively advocate for a lesser sentence than the one the court imposed. This is not the first time petitioner has challenged his sentence.    On June 18, 2024, petitioner filed a motion to reduce his sentence which was denied by the court on June 25, 2024.    The instant motion to vacate was filed on December 29, 2025.

The court will decline to address the merits (such as they are) of the petition as it is clearly time-barred.    A final judgment in petitioner's case was entered by the court on March 29, 2024.    As of that date, petitioner had one year to file his petition.    *See* 28 U.S.C. § 2255(f)(1).    Petitioner concedes that he failed to file within the limitations period but argues that the court should nonetheless entertain the petition under the doctrine of equitable tolling because of a sudden onset of an episodic bout of mental illness.

Equitable tolling applies where a petitioner has diligently pursued his rights and that some "extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010).    A petitioner bears a heavy burden to establish application of the doctrine.    *See Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010).    Here petitioner has failed to meet that burden,

3

namely, to document his claim that his inability to file a timely motion can be attributed to an aspect of his mental state that effectively rendered him incapable of acting in his self-interest (a claim contradicted by the petitioner's active pursuit of relief during the same period).[2]   Consequently, the petition will be denied.

ORDER

For the forgoing reason, petitioner's motion to vacate, set aside, or correct his sentence is <u>DENIED</u>.[3]

---

[2] Petitioner's documentation relies on a clinician's evaluation conducted as reported in the PSR. The clinician, as best as the court can determine, made no finding that the petitioner suffered from any functional incapacity that would have hindered his filing the petition (even assuming that she was qualified to make such a finding). While the court has declined to rule on the merits given the untimely filing, petitioner's claim that he was not advised of his right of appeal is belied by the transcript of the sentencing proceeding. Tr. of March 28, 2024 sentencing at 29.  It is also evident from the record that petitioner is unable to establish either prong of the ineffective assistance of counsel test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), that is, that his counsel's performance was so inferior as to have been objectively unreasonable, *see McGill*, 11 F.3d at 226, or that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.

[3] Petitioner is advised that any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 of the court's Order dismissing his petition is also <u>DENIED</u>, the court seeing no meritorious or substantial basis for an appeal.   The Clerk will close the matter and notify the petitioner accordingly.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

3